## CAMPBELL v. KENNEDY.

Highway: TRESPASS: OFFICER.   In an action of trespass against a road supervisor, for entering upon the premises and throwing down the fences of plaintiff, while claiming to open a road, he cannot justify under the map he received from the township clerk under section 890 of the Revision, purporting to contain all the legal roads in the township, and representing the line in question to be a legal highway.   The rule that a ministerial officer is not liable for the execution of process, issued by authority having jurisdiction over the subject-matter, does not apply, and he must show that, in fact, a road did there exist, either *de facto* or *de jure*.

*Appeal from Allamakee Circuit Court.*

THURSDAY, JULY 25.

ACTION for trespass in throwing down plaintiff's fences, exposing his crops, and, also, in cutting down and destroying the plaintiff's thicket of timber.  Answer, that the defendant was road supervisor for the district embracing plaintiff's premises; that he received from the town clerk a map purporting to contain all legal roads in his district, including one passing through the premises in controversy; that plaintiff obstructed said road by fence, etc., and refused to remove the same, and defendant removed it, etc., as required by law and the guidance of said map. Demurrer to the answer, because it did not aver that a

Campbell v. Kennedy.

highway was there, or was ever established there. This demurrer was sustained, and the defendant appeals.

*Granger & Stilwell* for the appellant.

*H. Dayton, M. Healy* and *G. B. Edmonds* for the appellee.

COLE, J. — The answer contains no averment that there was any highway, either in law or fact, where the alleged trespass was committed ; but grounds the defense upon the proposition that the map of the roads, furnished by the town clerk, showing a road in the *locus in quo*, was sufficient to justify the defendant, who was road supervisor there. The statute enacts (Rev., § 889) : " For the purpose of enabling the supervisors to determine the precise location of the various roads in their respective districts, it is hereby made the duty of the county judge (now board of supervisors) of each county of this State to furnish each of the township clerks of his county, within three months after the taking effect of this act (July 4, 1858), with a map, on a scale of not less than two inches to the mile, of their respective townships, on which map shall be plainly marked all roads, which are, at the time of making such maps, legal roads, which map shall be carefully preserved among the papers of his office." * * * * It is further made the duty of the county judge to add any and all new roads to such map, and notify the township clerk thereof ; and it is also made the duty (§ 890), of such clerk to furnish each road supervisor with a copy of such map for his district, and notify him of each new road affecting his district, and furnish a copy of the field notes of the same.

The counsel for appellant insist that the case made by the defendant in his answer, under this statute, comes within the rule that " a ministerial officer is not responsible for the issuing of process or executing the same, so long as

the authority, under which. the process is awarded, had jurisdiction over the subject-matter." In our opinion the court below did not err in holding that the defendant's case was not within this rule of law. The map is in no just or legal sense *a process*. It does not require the road supervisor, to whom it is delivered, to do any act, or to make any return of what he may do under it. It does not purport to confer any authority upon him to do any act. It is simply furnished him as an aid, help or light in ascertaining his duty, " for the purpose of enabling him to determine the " location of roads in his district. Unless there was a road *de facto* or *de jure*, in the *locus in quo*, the defendant cannot justify, under the map. See *Mosier* v. *Vincent, ante,* 418.

Affirmed.